UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DENNIS BUCHANAN,                    )
                                    )
          Plaintiff                 )
                                    )      No. 3:11-0265
v.                                  )      Magistrate Judge Brown
                                    )      **Jury Demand**
CITY OF MT. JULIET,                 )
                                    )
          Defendants                )

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16(d), the following Initial Case
Management Plan is **adopted**.

**A.    Jurisdiction.**  The court has jurisdiction pursuant
to 28 U.S.C. § 1331 and the Americans with Disabilities Act (ADA),
42 U.S.C. § 12101, *et seq*.

**B.    Plaintiff's theory.**  Plaintiff in this case is
Dennis Buchanan, a former Parks Director for the City of Mt.
Juliet.  Mr. Buchanan worked for the City of Mt. Juliet for over 17
years.  Mr. Buchanan suffered a workers' compensation injury and
was released by his workers' compensation doctor to return to work.
However, the City of Mt. Juliet refused the doctor's orders,
putting up one road block after another to keep Mr. Buchanan from
returning to the job he loved.  Among these roadblocks were a
functional capacity exam not tailored to Mr. Buchanan's essential
job duties, repeated advice to apply for disability, a revised job
description that adds requirements mirroring Mr. Buchanan's job
restrictions, and insistence that Mr. Buchanan not be on
painkillers or antidepressants prescribed by a doctor in order to

return to work. The conduct of the City of Mt. Juliet has been a blatant violation of the Americans with Disabilities Act.

      **C. Defendant's Theory.** Plaintiff's employment was terminated on May 2, 2010, by the Mt. Juliet Board of Commissioners (Board) after hearing evidence from counsel for the Plaintiff and City in a hearing held on April 26, 2010, and presided over by an Administrative Law Judge. After considering the evidence and argument of counsel for both parties, the board voted to uphold the decision by the City Manager to terminate Plaintiff's employment. The decision of the Board was based solely on the evidence presented at the hearing was not based on Plaintiff's alleged disability or age as alleged by Plaintiff. The Board's decision was based on Plaintiff's inability to perform the essential function of his job as Parks Director on March 26, 2010 (the date Plaintiff's employment was terminated by the City Manager) and evidence that Plaintiff violated City policy by secretly tape recording the City Manager and other employees.

      Prior to the termination of Plaintiff's employment by the City Manager, he was on extended medical leave from a work-related injury. Plaintiff was paid his full salary during this medical leave by the City. Plaintiff was given an opportunity to return to work and was unable to return to work after his leave expired on December 30, 2009, under the Family and Medical Leave Act (FMLA).

      On or about January 12, 2010, Plaintiff was given permanent work restrictions by his treating physician and requested an opportunity to return to work. The City Human Resource Director met with Plaintiff to discuss what accommodations he needed to return to work. Plaintiff stated he needed the restrictions given

2

to him by his treating physician and other restrictions to be determined by him after he returned to work. Realizing the serious nature of Plaintiff's injury to his back and the uncertain accommodations he might need to return to work, the City decided to require Plaintiff to take and pass a functional capacity examination (FCE) at University Medical Center in Lebanon, Tennessee before the City would consider allowing Plaintiff to return to work. The City tried, but was unable, to schedule the FCE due to events beyond the City's control which included: University Medical Center never approved the FCE; the City never received records from Plaintiff's part-time employer during his medical leave; and Plaintiff's medical procedures and time he was medically not allowed to work.

By March 26, 2010, the City needed a Parks Director who could draft a budget for the Parks Department and Plaintiff was not medically released to return to work. The City engaged in reasonable accommodation to bring Plaintiff back to work and could not wait any longer for Plaintiff to be released to return to work before having no other option than terminating Plaintiff's employment. The later discovery that Plaintiff violated City policy in secretly tape recording employees, disclosed to the City by Plaintiff's legal counsel during his appeal to the Board, provided an independent basis for his termination.

**D. Issues Resolved.** The parties agree that jurisdiction and venue are not in dispute in this matter.

**E. Issues in Dispute.** The issues of liability and damages are in dispute at this time.

**F. Initial Disclosures.** The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **July 28, 2011.**

**G. Discovery.** The parties shall complete all written discovery on or before **September 30, 2011.** Depositions of fact witnesses shall be completed by **January 20, 2012.** The deadline for filing discovery-related motions it **January 27, 2012.** Discovery is not stayed during a dispositive motion, unless ordered by the Court. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Magistrate Judge Brown.

**H. Motions to Amend.** The parties shall file all motions to amend on or before **November 7, 2011.**

**I. Disclosure of Experts.** Plaintiff shall identify and disclose all expert witnesses and expert reports on or before **January 27, 2012.** Defendant shall identify and disclose all expert witnesses and expert reports on or before **February 24, 2012.**

**J. Depositions of Expert Witnesses.** The parties shall depose all expert witnesses on or before **April 6, 2012.**

**K. Joint Mediation Report.** The parties shall file a joint mediation report within **30 days** of a ruling on Defendant's contemplated motion for summary judgment.

**L. Dispositive motions.** The parties shall file all dispositive motions on or before **April 20, 2012.** Responses to dispositive motions shall be filed within **28 days** after the filing of the motion. Optional replies may be filed within **14 days** after

the filing of the response. The motion and response memoranda shall not exceed **20 pages** and the reply, if any, is limited to **five pages**. No motion for partial summary judgment shall be filed except upon leave of the Court. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

 M. **Electronic Discovery.** The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order 174 need not apply to this case.

 N. **Subsequent Case Management Conference.** The parties request a subsequent case management conference with Magistrate Judge Brown on **December 5, 2011, at 1:00 p.m. To participate in the conference call, parties shall call 615-695-2851 at the scheduled time.**

 O. **Consent to Trial before the Magistrate Judge.** The parties do agree to consent to a trial before the Magistrate Judge.

 P. **Target Trial Date.** The parties estimate that this jury trial will take between three and four days, depending on what issues remain for trial. This matter is set for trial on **September 11, 2012, at 9:00 a.m.** The undersigned will conduct the final pretrial conference on **August 28, 2012, at 1:30 p.m.** A separate order covering requirements for the final pretrial conference and the trial will be issued at a later date.

 It is so **ORDERED.**

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge