UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DENNIS BUCHANAN, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 3:11-0265 |
| v. ) | Magistrate Judge Brown |
| ) | **Jury Demand** |
| CITY OF MT. JULIET, ) | |
| ) | |
| Defendants ) | |

### O R D E R

Presently pending is the Defendant's motion to strike the Plaintiff's errata sheet (Docket Entry 37). After consideration of the motion and the Plaintiff's response (Docket Entry 44), the Magistrate Judge will **DENY** the motion to strike.[1]

As counsel for both sides point out in their brief, there is a good bit of discussion about this issue in cases. Unfortunately, there is no published Sixth Circuit case. The most recent unpublished Sixth Circuit case is *Trout v. FirstEnergy Generation Corp.*, 339 F. App. 560, 565 (6th Cir. 2009).

There is certainly an argument that the specific comments by the Sixth Circuit in that case, that depositions are not "take-home quizzes", is dicta. The Sixth Circuit held that regardless of the changes the plaintiff lost.

Good arguments can be made on both sides. The rule itself specifically says that within 30 days after being notified that the transcript or recording is available, the deponents must review the transcript or record and "(B) If there are changes in

---

[1]An alternative ground to deny would be that Rule 12(f) does not authorize a motion to strike as the deposition is not a pleading.

form or substance to sign a statement listing the changes and the reasons for making them."[2] *Black's Law Dictionary,* 7th Ed. lists as the first definition of substance: "The essence of something; the essential quality of something, as opposed to its mere form < matter of substance >." Thus, the plain definition of the word substance means that it is something more than mere form, such as an incorrect spelling of a name.

On the other hand there are a number of cases that point out that a party cannot avoid summary judgment by simply contradicting prior testimony. To do so would substantially defeat the utility of summary judgment.

The Magistrate Judge is not convinced at this point that the changes arise to a level where they could be called "sham changes." As pointed out by Magistrate Judge Todd in *Hodak v. Madison Capitol Management, LLC*, *et. al*, 2008 WL 2598309 (E.D. KY 2007), the fact that the deponent is allowed to change his deposition testimony through the errata sheet does not strike the original answer from the record. Answers are given under oath and remain a part of the record. Counsel for the Defendant is certainly entitled at the appropriate time to vigorously cross-examine the Plaintiff about his original statement, as well as his amended statement.

The Magistrate Judge does not reach the issue as to whether the changes would be allowed for the purpose of defeating a motion for summary judgment. That is an argument that would need to be made in the specific context of a summary judgment motion.

---

[2]Although the initial notice did not provide a detailed justification for the change, a subsequent letter did.

*See Walker v. 9912 East Grand River Association LP*, 2012 WL 1110005 (E.D. MI 2012). In the *Walker* case the changes were critical to a summary judgment motion and the district judge declined to consider the changes. Likewise, in *EEOC v. Skanska USA Building, Inc.*, 278 F.R.D. 407 (W.D. TN 2012), the Magistrate Judge declined to allow a plaintiff to change a "yes" to a "no" under Rule 30(e). The Magistrate Judge did point out that this prohibition against using an errata sheet to change deposition testimonies did not necessarily prohibit the opponent from submitting an affidavit that contradicted prior testimony. Under these circumstances the Court would, in all likelihood, apply the well-established "sham fact" or "sham affidavit" analysis citing *Balding-Margolis v. Cleveland Arcade*, 752 F. App. 35 (6th Cir. 2009).

Given the widely divergent case law in this matter and the lack of a controlling published Sixth Circuit opinion, the Magistrate Judge will revert back to the definition of substance. If substance has a different meaning it should be addressed through a rule change or a published opinion by a higher court. Until that occurs, this Magistrate Judge will stick with the dictionary definition.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

3